VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      21-AP-293



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

State of Vermont v. Bradley J. Robtoy*　　　}　APPEALED FROM:
　　　　　　　　　　　　　　　　　　　　　　　}　Superior Court, Franklin Unit,
　　　　　　　　　　　　　　　　　　　　　　　}　Criminal Division
　　　　　　　　　　　　　　　　　　　　　　　}　CASE NO. 1115-9-20 Frcr
　　　　　　　　　　　　　　　　　　　　　　　　　Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction by a jury for violating an abuse-prevention order. He argues that the court erred in admitting certain evidence and denying his motion for judgment of acquittal.  We affirm.

In May 2020, the family division issued a relief-from-abuse (RFA) order prohibiting defendant from contacting a particular individual "directly, indirectly, or through a third party with the purpose of making contact with the [person], including in writing or by telephone, e-mail, or other electronic communication" with "[n]o exceptions."  The order remains in effect until mid-May 2023.  Defendant was charged with violating this order in September 2020 by contacting the RFA plaintiff after having been served with notice of the contents of the abuse-prevention order.

The following evidence was presented at trial.  A police officer testified that she served defendant with a copy of the RFA order and she identified her signature on the return-of-service form.  The officer explained the order to defendant and handed it to him; defendant refused to sign the service form.  A certified copy of the RFA order was entered into evidence.  The order included defendant's name, address, and date of birth and the return of service indicated that a copy of the order was hand-delivered to defendant at his home address in May 2020.  The officer who investigated the alleged violation of the RFA order also testified.  He described receiving a complaint from the RFA plaintiff who said that defendant contacted her in violation of a RFA order.  The officer had a copy of the RFA order and knew that it prohibited contact between the RFA plaintiff and defendant.  The officer testified that he knew defendant and he identified defendant in the courtroom as the person named in the RFA order.

The RFA plaintiff also testified.  She stated that in September 2020, she was outside of her home.  Defendant drove up, got out of his vehicle, and tried to talk to her.  He asked about her granddaughter.  She told him to leave multiple times.  When defendant did not comply, she went inside and called the police.  The witness further testified that, later that same day,

defendant called her from an unknown number and asked her to unblock his number. She told defendant to leave her alone and hung up. The RFA plaintiff also stated that, several days before defendant came to her home, defendant contacted her via text message, asking about her granddaughter. When the State attempted to offer a copy of the text messages into evidence, defendant objected on lack-of-foundation grounds. The State then elicited additional testimony regarding the messages and defendant also engaged in voir dire with the witness. The court overruled defendant's objection and admitted the messages.

Defendant did not present any evidence. He moved for a judgment of acquittal at the close of the evidence. He argued that the State failed to prove that he was served with a copy of the RFA order because the police officer who testified to serving him did not personally identify him at trial. Defendant further asserted that the State did not establish that he sent the text messages referenced above. The State responded that proof of service was reflected in the certified copy of the RFA order, which had been submitted into evidence. With respect to the text messages, the State explained that it was not relying on the text messages to establish a violation of the order; the charged violation was for defendant's alleged act of stopping by the RFA plaintiff's home. The messages were offered as context for defendant's actions that day and as support for the witness's credibility with respect to the subject matter of the conversation outside her home.

The court denied the motion for judgment of acquittal. Taking the evidence in the light most favorable to the State and excluding modifying evidence, the court found that the State had presented sufficient evidence to identify defendant as the person subject to the RFA order. It explained that a witness identified defendant in the courtroom and it found that the RFA order spoke for itself with respect to service. The court noted that the admissibility of the text messages was not really an argument in support of a judgment of acquittal and it reiterated that this evidence had already been admitted. The jury found defendant guilty and this appeal followed.

Defendant first asserts that the court erred in denying his motion for judgment of acquittal. He argues that the State failed to prove that he was served with a copy of the RFA order. He reiterates his argument that the officer who served the order was required to identify him in the courtroom.

On review of the denial of a motion for judgment of acquittal, "[w]e consider whether the evidence presented, taken in the light most favorable to the State and without considering any modifying evidence, is sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." State v. Caballero, 2022 VT 25, ¶ 17. "Because the jury is in the best position to weigh facts and deliver a verdict, particularly in close fact-dependent cases, a judgment of acquittal is appropriate only when there is no evidence to support a guilty verdict." Id. (quotation and brackets omitted).

Defendant was charged with violating 13 V.S.A. § 1030(a), which makes it a crime to "intentionally commit[] an act prohibited by a court . . . in violation of an abuse prevention order issued under 15 V.S.A. chapter 21 . . . after the person has been served notice of the contents of the order as provided" by 15 V.S.A. chapter 21. See also 15 V.S.A. § 1105 (describing service requirements for RFA orders). The State presented sufficient evidence to allow the jury to conclude that defendant was served notice of the contents of the RFA order. It submitted into evidence a certified copy of the RFA order, which named defendant and provided his date of birth and address; it also included a return of service indicating that the order had been hand-

2

delivered to defendant at his address on a specified date and time. The officer who served the RFA order and signed the return of service testified that she served defendant with a copy of the order and explained it to him. Another officer identified defendant in the courtroom as "Bradley Robtoy," the named defendant in this case and in the RFA order. Defendant cites no legal authority for the proposition that the officer who served defendant was also required to personally identify him in the courtroom to establish that he violated 13 V.S.A. § 1030(a). The court did not err in denying defendant's motion for judgment of acquittal.

Defendant next argues that the court erred in admitting the text messages that he allegedly sent to the RFA plaintiff. He contends that text messages are easy to manipulate and that the RFA plaintiff's testimony was insufficient to authenticate the messages. According to defendant, he was not the only person who called the grandchild by a particular nickname used in the text messages and the same was true of the use of a particular term to refer to someone who is gay. He maintains that the error was not harmless because this case turned on the RFA plaintiff's credibility.

Under Vermont Rule of Evidence 901(a), "[t]he requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "This is merely a preliminary determination, and as such, the test for authenticating evidence is not a demanding one." State v. Hiltl, 2021 VT 60, ¶ 28 (quotation omitted). "A proponent . . . need only show the proffered evidence's authenticity with reasonable certainty" and "[o]nce admitted, the definitive resolution of authenticity is left to the jury." Id. (quotations omitted). "In other words, the trial court acts as a gatekeeper. It need not be convinced that the evidence is what it purports to be, but must conclude that there is evidence upon which a reasonable jury could reach that conclusion." Id. (quotation omitted).

Rule 901(b) provides examples of ways in which materials might be authenticated in conformance with the rule's requirements. These include the testimony of a witness with knowledge that the "matter is what it is claimed to be," as well as the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances." V.R.E. 901(b)(1), (4). Other courts have relied on this type of evidence in considering the admissibility of text messages. See, e.g., State v. Henry, 875 N.W.2d 374, 400 n.56 (Neb. 2016) (citing cases). The Henry court held that "testimony concerning context or familiarity with the manner of communication of the purported sender is sufficient foundation for the identity of the sender of the message" and that "[s]uch testimony is typically in combination with testimony that the cell phone number belonged to or was regularly utilized by the alleged sender." Id. at 400 (citations omitted); see also Simpson v. State, No. 2021-KA-00075-COA, 2022 WL 2037191, at *3 (Miss. Ct. App. June 7, 2022) (recognizing that "[t]he association of a cell phone number with a particular individual is far stronger than it is with an e-mail address, a social media account, or a traditional 'land line' telephone, all of which are more often shared or more easily accessed by others," and that "many issues involving the authentication of social media posts or e-mails are not present with text messages" (quotation omitted)).

The trial court did not err in finding Rule 901(a) satisfied here. See State v. Larkin, 2018 VT 16, ¶ 21, 206 Vt. 535 ("Our standard of review on evidentiary rulings is deferential." (quotation omitted)). At trial, the RFA plaintiff testified that, in connection with her complaint to police, she brought her phone to the police station and the officers took a picture of the text messages on her phone. The texts were identified on her phone as from "Brad Mobile." The

witness said she showed police that there were various numbers that defendant used to contact her, some of which she had saved in her phone as "Brad." She showed the police the phone number that had sent the text messages and testified that defendant had two main phone numbers that he used. The RFA plaintiff also testified that, in the text messages, defendant referred to her granddaughter by a nickname used by close family members and he referred in a derogatory way to a particular family friend who would watch the granddaughter. The police took a picture of the text messages on her phone, which was introduced into evidence. The RFA plaintiff testified to her familiarity with defendant's contact information and to distinctive characteristics in the messages at issue. Her testimony supported the court's decision on authentication.

Defendant contends that text messages are easy to manipulate and that he was not the only person who called the grandchild by a particular nickname or used a particular term to refer to someone who is gay. These arguments go to the weight and credibility of the evidence, matters reserved solely for the factfinder. See Henry, 875 N.W.2d at 400 (recognizing that "proponent of the text messages is not required to conclusively prove who authored the messages" and "possibility of an alteration or misuse by another generally goes to weight, not admissibility" (citations omitted)). We find no error in the court's admission of this evidence under Rule 901.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

4